UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARQUEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　　　　Respondent. | Case No. 5:18-cv-01071-JVS-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

　　The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on November 20, 2020 ("Objections"). (Objs., ECF No. 34.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

　　In his Objections, Petitioner reiterates his claim that the prosecution possessed allegedly exculpatory evidence: Petitioner's dental impressions, a 911 call transcript, and an autopsy report. (Objs. 3.) He argues that the prosecution did

not introduce this evidence at trial because it would have undermined the case against Petitioner. (*See id.*) To the extent Petitioner is challenging the sufficiency of the evidence, his Objections lack merit for the reasons stated in the Report and Recommendation: when viewed in the light most favorable to the prosecution, the testimony and evidence presented at trial would permit a rational jury to find Petitioner guilty beyond a reasonable doubt of torturing and murdering Carlos. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). (*See* Rep. & Recommendation, ECF No. 32, at 22–23.) To the extent Petitioner is arguing the prosecution's failure to disclose exculpatory evidence violated *Brady v. Maryland*, 373 U.S. 83 (1963), (*see* Objs. 5, 9), this claim also fails for the reasons stated in the Report and Recommendation, (*see* Rep. & Recommendation 28–30). Specifically, the existence of Petitioner's dental impressions and the autopsy report was known to the defense at the time of the trial, *see Cunningham v. Wong*, 704 F.3d 1143, 1154 (9th Cir. 2013), and Petitioner raises only speculative allegations that other exculpatory evidence was suppressed, *see Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012). Moreover, Petitioner has not shown that the introduction of this evidence would have undermined confidence in the verdict, in light of the inculpatory evidence presented at trial. *See Kyles v. Whitney*, 514 U.S. 419, 435 (1995).

Next, Petitioner argues that his trial lawyer rendered ineffective assistance of counsel for various reasons. (Objs. 4, 6–8, 13.) To the extent Petitioner argues that his trial lawyer was ineffective for failing to call a dental forensic expert to testify (*see* Objs. 4), this claim fails for the reasons stated in the Report and recommendation (Rep. & Recommendation 23–25). Specifically, Petitioner has not shown that his defense attorney's failure to call Dr. Golden amounted to deficient performance, as this was a tactical decision based on the attorney's review of email communications between Dr. Golden and the prosecutor. *See Strickland v.*

*Washington*, 466 U.S. 668, 690 (1984); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997).  And Petitioner has not established prejudice because he has not submitted an affidavit from Dr. Golden or other concrete evidence that Dr. Golden would have provided testimony helpful to the defense at trial.  *See Dows v. Wood*, 211 F.3d 480, 486–87 (9th Cir. 2000).

Petitioner also raises several new ineffective assistance claims.  He argues that his trial counsel failed to adequately investigate or prepare for trial, failed to meet with Petitioner and go over discovery with him, failed to introduce exculpatory evidence at trial, failed to exclude a juror during voir dire, inadvertently suggested that the trial court issue a flight instruction, and failed to prevent jurors from viewing Petitioner in his orange jumpsuit.  (Objs. 4, 6–8, 13.)  He adds that his appellate lawyer was ineffective for failing to raise these issues on appeal.  (*Id.* at 8.)  The Court declines to address these claims, as they rely on factual allegations that could have been, but were not, presented in the Petition.  *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000) (district court may decline to consider new factual allegations raised for the first time in objections to a magistrate judge's recommendation, where such allegations were available before the magistrate's proceedings ever began).

Petitioner also argues that Nancy's testimony violated his right to a fair trial because this testimony was inflammatory and was not corroborated by other evidence.  (*Id.* at 2–3, 5, 12.)  Petitioner raised this claim briefly in his Reply, (Reply, ECF No. 25, at 3–4), but he did not include it in the Petition, (*see* Pet. 5–7).  The Court also declines to consider this new claim.  *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."); *Howell*, 231 F.3d at 623.

Finally, the Court declines to address Petitioner's new claim that the prosecutor committed misconduct by stating during closing argument that

3

Petitioner's sister Maribel testified that Petitioner's biting hurt her and that Nancy was arrested at the hospital. (Objs. 12.) *Howell*, 231 F.3d at 623.

In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: December 17, 2020

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE